IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : <br> : <br> v. : <br> : <br> : **CASE NO:** <br> : **7:24-cr-26-WLS-TQL-1** <br> **CLEMSON MAURICE GRAHAM,** : <br> : <br> **Defendant.** : <br> _____ : | |

**ORDER**

Previously, the Court provided the Parties with notice that this case was scheduled for pretrial conference on Tuesday, August 13, 2024, at 3:00 p.m. and for trial during the Court's Specially Set September 2024 Valdosta trial term (Doc. 32). In the event the case is not ready for trial, the Parties were ordered to file a motion to continue at least two days prior to the date of the noticed pretrial conference. (*Id.*) Defendant, Clemson Maurice Graham, filed a timely Unopposed Motion for Continuance (Doc. 33) ("Motion"). Defense Counsel was appointed to represent Defendant on July 17, 2024,[1] and Defense Counsel received discovery from the Government on July 23, 2024.

Defendant requests a continuance of the trial to the next term of court in the Valdosta Division so that Defense Counsel has time to review the discovery and perform any further investigation. Additionally, Defense Counsel states there has been no meaningful discussion regarding the potential resolution of this case. Defense Counsel represents that he conferred with Government's counsel, Assistant United States Attorney, Sonja Profit, who does not oppose the Motion. Defense Counsel further states that the ends of justice served by granting the continuance outweigh the best interests of the public and the United States Attorney's

---

[1] Defendant's statement that he made an initial appearance and counsel was appointed on June 17, 2024, is a typographical error as the docket reflects such events occurred on July 17, 2024. *See* Doc. 14 and Docket Entry 19.

1

Office[2] in a speedy trial, and that the period of delay in holding the trial is excludable under the Speedy Trial Act 18 U.S.C. § 3161.

Based on the Defendant's stated reasons, the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Therefore, the Motion (Doc. 33) is **GRANTED**.

The Court hereby **ORDERS** that the trial in the above-referenced matter be **CONTINUED** to the Valdosta Division November 2024 trial term and its conclusion, or as may otherwise be ordered by the Court. Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, is **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance (a) would likely result in a miscarriage of justice, and (b) would deny Defense Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

The August 13, 2024 pretrial conference is **CANCELLED**.

**SO ORDERED**, this 5th day of August 2024.

                                        **/s/ W. Louis Sands**
                                        **W. LOUIS SANDS, SR. JUDGE**
                                        **UNITED STATES DISTRICT COURT**

---

[2] To satisfy 18 U.S.C. § 3161(h)(7)(A)-(B), the Court assumes Defense Counsel intended to state that the ends of justice served by granting the continuance outweigh the best interests of the public and the *Defendant* in a speedy trial, and the Court so finds based on the statements in the Motion.

2